Cardenas v New York City Hous. Auth. (2025 NY Slip Op 06128)

Cardenas v New York City Hous. Auth.

2025 NY Slip Op 06128

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 803413/21|Appeal No. 5139|Case No. 2024-06627|

[*1]Claudia Cardenas, Plaintiff-Appellant,
v
New York City Housing Authority et al., Defendants, Betances Rad LLC et al., Defendants-Respondents. [And Other Third-Party Actions].

Diamond & Diamond, LLC, Brooklyn (Stuart Diamond of counsel), for appellant.
Hall Booth Smith, P.C., Garden City (Chriostopher T. Cafaro of counsel), for Betances Rad LLC and Wavecrest Management Group LLC, respondents.
Golden Rothchild Spagnola Lundell Boylan & Garubo, P.C., New York (Brendan G. Smith of counsel), for Crew Contracting of NJ Inc., respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 15, 2024, which granted the motion of defendants Betances Rad LLC and Wavecrest Management Group LLC and the cross-motion of defendant Crew Contracting of NJ Inc. (Crew) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff was injured when a vehicle drove off the roadway and struck her as she walked on the sidewalk. According to plaintiff's testimony, a sidewalk shed blocked her view of the sidewalk, preventing her from reacting to the oncoming vehicle. Plaintiff also testified that more than a month before the incident, she complained to the management of her apartment building that the shed obstructed her view of the sidewalk.
Defendants established prima facie entitlement to summary judgment by submitting the affidavit of their expert professional engineer, who opined that the shed was installed in compliance with New York City codes, did not obstruct visibility between the building's entrance and the sidewalk, and was not a proximate cause of the accident. Plaintiff's challenge to the expert's conclusion is improperly raised for the first time in her reply brief (see Mandour v Rafalsky, 238 AD3d 637, 639 [1st Dept 2025]). In any event, plaintiff does not point to any evidence raising an issue of fact. Even assuming the truth of plaintiff's contention that the shed blocked her view of the sidewalk, property owners have no duty to protect pedestrians from the unforeseeable risk of vehicles driving on the sidewalk (see Britton v Riley-Fann, 171 AD3d 410, 411 [1st Dept 2019]; Green v Himon, 165 AD3d 590, 591 [1st Dept 2018], lv denied 33 NY3d 901 [2019]).
We reject plaintiff's argument that because Crew did not participate in discovery, the motion court prematurely granted its motion for summary judgment. Plaintiff fails to show that any proof necessary for her opposition to the motion was exclusively within Crew's possession, as plaintiff never complained to Crew about the shed. In any event, as Crew notes and plaintiff does not dispute, plaintiff never tried to obtain any discovery
from Crew (see CPLR 3212[f]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007] [citations omitted]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025